UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NELSON CORREA VELEZ,

        Plaintiff,

                                                      Case No. 20-cv-1662-bhl

v.

KILOLO KIJAKAZI,[1] Acting Commissioner
of Social Security Administration,

        Defendant.

## ORDER AND DECISION

        Bilingualism, the ability to speak two languages, is generally considered a positive attribute, not a defect. In this case, however, Plaintiff Nelson Correa Velez's ability to communicate in both English and Spanish actually dooms his application for Supplemental Security Income (SSI). Correa Velez seeks review of an unfavorable administrative law judge (ALJ) decision on grounds the ALJ wrongly determined that he could communicate in English and thereby deprived him of his rightful benefits. Because any error the ALJ made was harmless, the decision will be affirmed, and the case will be dismissed.

## PROCEDURAL BACKGROUND

        Correa Velez filed for SSI on May 16, 2018. (ECF No. 19 at 2.) His claim was denied at the initial level and on reconsideration, so he requested a hearing before an ALJ, which occurred on January 7, 2020. (*Id.*) At that hearing, the ALJ asked Correa Velez questions in English, and he responded in Spanish. (*Id.* at 5.) A court-provided interpreter then translated the responses and relayed them to the ALJ. (*Id.*) On February 25, 2020, the ALJ issued an unfavorable decision. (*Id.* at 2.) The Appeals Council denied Correa Velez's request for review, and this action followed. (*Id.*)

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for former Commissioner Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

## FACTUAL BACKGROUND

Nelson Correa Velez was born in Puerto Rico in 1969. (ECF No. 18-1 at 46.) He moved to Milwaukee at age 15 and completed the eighth grade before returning to Puerto Rico. (*Id.*) He then moved back to Milwaukee in 1988 where he has remained ever since. (*Id.*) He testified that he never learned any English in the Milwaukee Public Schools and what little English he knows is "street English." (*Id.* at 50-51.) One of his daughters speaks to him in English, but it is not clear what language he responds in (or if he responds at all). (*Id.* at 51.) And his medical records reflect that he relied on a translator during checkups and therapy appointments. (ECF No. 19 at 3-4.)

Prior to May 16, 2018, Correa Velez worked out of his driveway as a self-employed auto mechanic. (ECF No. 18-1 at 27, 47.) He stopped performing this work due to a long list of medical problems, including normochromic anemia associated with iron deficiency and chronic disease, gastroesophageal reflux disease, pacemaker lead associated endocarditis, coronary artery disease, cardiomyopathy, atrial fibrillation, chronic anticoagulation, hypertension, hyperlipidemia, diabetes mellitus, gout, and depression. (ECF No. 19 at 4-5.) Of these ailments, the ALJ determined that congestive heart failure, coronary artery disease, and depression qualified as severe impairments for SSI purposes. (ECF No. 18-1 at 27.)

## LEGAL STANDARD

The Commissioner's final decision on the denial of benefits will be upheld "if the ALJ applied the correct legal standards and supported his decision with substantial evidence." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) (citing 42 U.S.C. §405(g)). Substantial evidence is not conclusive evidence; it is merely "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). The Supreme Court has instructed that "the threshold for such evidentiary sufficiency is not high." *Id.* In rendering a decision, the ALJ "must build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013) (citations omitted).

In reviewing the entire record, this Court "does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Judicial review is limited to the rationales offered by the ALJ. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93-95 (1943)). Further, "[i]f it is predictable

with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time." *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010).

## ANALYSIS

Correa Velez's sole argument is that the ALJ improperly determined that he could communicate in English, which resulted in an unfavorable decision. (ECF No. 19 at 10.) Defendant responds that there is substantial evidence to support the ALJ's conclusion. (ECF No. 20 at 4.) Because the ALJ did not cite evidence or explain his reasoning on the communication issue, his decision lacked substantial support. But an intervening change in law renders any error harmless and makes remand unnecessary.

**I.       There is No Substantial Evidence to Support the ALJ's Findings Regarding Correa Velez's Ability to Communicate in English.**

Before April 27, 2020, under grid rule 202.09, the Social Security Administration (SSA) considered an individual disabled if he was: (1) closely approaching advanced age; (2) illiterate or unable to communicate in English; and (3) had unskilled or no prior work history. 20 C.F.R. pt. 404, App. 2, Subpt. P §202.09. In this case, the ALJ determined that Correa Velez satisfied the first and third requirements. (ECF No. 18-1 at 34.) But, as for the second, he concluded: "The claimant has a limited education and is able to communicate in English." (*Id.*) Correa Velez challenges that decisive determination.

Defendant contends that the record contains substantial support for the ALJ's conclusion that Correa Valdez could "communicate in English," and according to the colloquial understanding of "communication," she might be correct. At his hearing, Correa Valdez responded in Spanish to questions posed in English. Having responded at all, Correa Valdez must have understood English to some extent. (ECF No. 20 at 4.) And according to Dr. Iryna Nemesh, who treated Correa Valdez at St. Luke's Medical Center, he spoke English, but she found it "difficult to interpret." (ECF No. 18-3 at 151.) Correa Valdez also admitted to his knowledge of "street English," and stated that one of his children spoke to him in English. (ECF No. 18-1 at 50-51.) Taken together, a "'reasonable mind'" could accept this evidence "'as adequate to support'" the ALJ's conclusion. *Biestek*, 139 S. Ct. at 1154 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). But only if the ability to "communicate in English" means something like the

ability to comprehend and offer minimally responsive replies. That, however, is not how the SSA defines the phrase.

According to the SSA, the "agency uses the 'inability to communicate in English' category to include all individuals who are unable to do one or more of the following in English: (1) Read a simple message; (2) write a simple message; or (3) speak or understand a simple message." Removing Inability To Communicate in English as an Education Category, 85 Fed. Reg. 10586-01, 10589 (Feb. 25, 2020). Pursuant to this generous standard, even the world's greatest English orator is not necessarily "able to communicate in English" if he cannot read or write a simple message. Thus, under the version of grid rule 202.09 effective during the instant case, the ALJ could not have labelled Correa Velez "capable of communicating in English" based on conversation alone.

But citing to *Mohamed v. Comm'r of Soc. Sec.*, No. 2:14-cv-00078, 2015 WL 1439261, at *2 (S.D. Ohio Mar. 27, 2015), Defendant argues that a plaintiff "bears the burden to establish [his] education level." And "[t]he inability to communicate in English is [a] category used to evaluate education level." *Id.* Therefore, it was Correa Velez's job to establish that he could not communicate in English, as the SSA defines the phrase, and according to Defendant, the ALJ reasonably determined that he did not do so. The Court need not delve into this issue because Correa Velez's appeal fails for an entirely independent reason.

**II.     Remand is Unnecessary Because Any Error was Harmless.**

In his opening brief, Correa Velez expressed worry that remand could prejudice him given an intervening change in grid rule 202.09. (ECF No. 19 at 13.)[2] After Correa Velez received his unfavorable decision, the SSA promulgated a new rule that eliminated the "Inability to Communicate in English" education category. 85 Fed. Reg. 10586-01 (Feb. 25, 2020). As a result, an individual is no longer disabled under grid rule 202.09 if he is "unable to communicate in English;" disability attaches only if he is fully "illiterate." 20 C.F.R. pt. 404, App. 2, Subpt. P §202.09. This new paradigm is applicable to "all pending claims." 85 Fed. Reg. 10586-01, 10596 (Feb. 25, 2020).

This rule change is fatal to Correa Velez's claim because unlike the ability to communicate in English, "illiteracy" is not tied to any specific language. 85 Fed. Reg. 10586-01, 10594 (Feb.

---

[2] Indeed, his opening brief concedes that he would not be found disabled under the new version of grid rule 202.09. (ECF No. 19 at 13.)

25, 2020).  Thus, a person who knows no English but can read and write Spanish is not "illiterate" as the SSA uses the term.  Correa Velez has never suggested that he is illiterate writ large, merely that he is unable to communicate *in English*.  Because the ability to communicate in English is no longer a factor in a disability determination, he would have no shot at success on remand.  When "it is predictable with great confidence that [an] agency will reinstate its decision on remand . . ., then remanding is a waste of time." *Spiva*, 628 F.3d at 353.  Here, there is no doubt that the ALJ would issue an identical decision on remand, and under the harmless error analysis, remanding would be "a waste of time."

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment and/or remand, ECF No. 19, is **DENIED**, the Acting Commissioner's decision is **affirmed**, and the case is **dismissed**.

Dated at Milwaukee, Wisconsin on September 20, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge